FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 05 2007   ★
K-Jam

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

The United States of America,   .   Docket #CR-05-722(LDW)

    Plaintiff,   .

      V.   .   United States Courthouse
          .   Central Islip, New York
Gilbert Slater, III,   .   February 1, 2007

    Defendant.   .
. . . . . . . . . . . . . . . . . . . . . . . .

TRANSCRIPT OF GUILTY PLEA
BEFORE THE HONORABLE E. THOMAS BOYLE
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For The Plaintiff:         Allen Lee Bode, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722

For The Defendant:         Tracey Gaffey, Esq.
                    Federal Defenders of
                    New York, Inc.
                    16 Court St., 3rd Floor
                    Brooklyn, NY 11241

Audio Operator:

Transcribing Firm:         Writer's Cramp, Inc.
                    6 Norton Rd.
                    Monmouth Jct., NJ 08852
                    732-329-0191

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

| Index | Direct | Cross | Redirect | Recross | Further Redirect |
|---|---|---|---|---|---|

Witnesses For The
  Plaintiff:


Witnesses For The
  Defendant:



MOTIONS:



| EXHIBITS: | | Marked | Received |
|---|---|---|---|
| C-1 | Plea Agreement | 10 | |



SUMMATION BY:



THE COURT: Finding        25

*Writer's Cramp, Inc.*

*Certified Court Transcribers*

*732-329-0191*

THE COURT: Come up please.

THE CLERK: Calling case 05-CR-722, <u>USA vs. Slater</u>. Counsel, please state your appearance for the record.

MR. BODE: Allen Bode for the Government. Your Honor, with your permission, I have with me Courtney Weinberger, not for a speaking role, but (inaudible).

THE COURT: (Indiscern.).

MR. BODE: Thank you.

MS. GAFFEY: Good afternoon, Your Honor, Tracey Gaffey, Federal Defenders, for Gilbert Slater.

THE COURT: Good afternoon. Just to clear the air, I'll just state, you should see the other guy.

(Laughter)

THE COURT: All right, this is on for a plea today. I'm sorry to keep everybody waiting. I was dealing with the original Indictment and just was having great difficulty because I didn't realize we had a Superseding Indictment.

MR. BODE: Oh, I'm sorry. You do have the Superseder now, though?

THE COURT: Yes, I do.

MR. BODE: Good.

THE COURT: Yes. Mr. Slater, you have the right to have this plea taken before Judge Wexler if you choose to do so, and you signed a consent form and that indicates the you're willing to have the plea taken before me, with the

understanding that at the end of the proceeding, what I will do is make a recommendation on the record to Judge Wexler whether to accept the plea or not. And that's what you want to do, is that correct?

MR. SLATER: Yes.

THE COURT: Good. I'm going to ask the Courtroom Deputy to please swear in the Defendant.

GILBERT SLATER, III, DEFENDANT, SWORN

THE CLERK: State your name for the record please.

MR. SLATER: Gilbert Slater, III.

THE COURT: Mr. Slater, I'm pretty much going to down the script that you and Ms. Gaffey filled out, except with regard to the elements. I want to discuss those a lot more in detail because these statutes are complex and I want you to understand exactly what the elements of the crime are because that's important. That's what the Government would have to show in the event that the case were not to go to trial, okay?

MR. SLATER: Okay.

THE COURT: It's very, very important that all your answers are honest and accurate. If there's anything you don't understand, don't hesitate to ask me.

MR. SLATER: Okay.

DIRECT EXAMINATION

BY THE COURT:

Q. If you would state your full name for the record please?

A.  Gilbert G. Slater, III.

Q.  And your age?

A.  26.

Q.  And are you a citizen of the United States?

A.  Yes, I am.

Q.  And what is the highest education you've had?

A.  I went to 10th grade and dropped out, went back for my GED.

Q.  And are you presently or have you recently been under the care of a physician or a psychiatrist?

A.  Yes, I have.

Q.  And a physician or a psychiatrist?

A.  A physician.

Q.  And what are you being treated for?

A.  I had back pain, so they gave me Motrin.

Q.  Okay.  Did you have Motrin today?

A.  No, last night.

Q.  Okay.  And do you have any other -- you haven't had any other medication?

A.  No.

Q.  Have you had any narcotic drugs?  Have you had any alcoholic beverage within the last 24 hours?

A.  No.

Q.  Okay.  Is your mind clear as you stand here --

A.  Yes.

Q.  -- today?  And you understand what the reason for this

proceeding is, is that correct?

A.   Yes.

Q.   Good.   Have you ever been hospitalized or treated for narcotic addiction?

A.   No.

THE COURT:   Ms. Gaffey, you've discussed this case with your client, have you not?

MS. GAFFEY:   I have.

THE COURT:   And in your opinion, does he understand the rights that he would be waiving by pleading guilty?

MS. GAFFEY:   Yes, he does.

THE COURT:   And in your opinion, is he capable of understanding the nature of these proceedings and assisting in his own defense?

MS. GAFFEY:   Yes, he is.

THE COURT:   Do you have any doubt as to your client's competency to plead at this time?

MS. GAFFEY:   No, I do not.

BY THE COURT:

Q.   Mr. Slater, you've entered a plea of not guilty to the Superseding Indictment before the Court.   You have the right to continue in that plea of not guilty, do you understand that?

A.   Yes, I do.

Q.   If you were to continue in your plea of not guilty, under the Constitution and laws of the United States you would be

entitled to a speedy and a public trial by a jury with the assistance of your attorney on these charges.  Do you understand that you have those rights?

A.  Yes, I do.

Q.  At a trial, you would be presumed to be innocent and the Government would have to overcome that presumption and prove your guilt by competent evidence beyond a reasonable doubt.  And you would not have to show in any way that you are innocent of the offense.  And if the Government failed to do that, the jury would have the duty to find you not guilty.  Do you understand that you --

A.  Yes.

Q.  -- have those rights?

A.  Yes.

Q.  During the course of the trial, witnesses for the Government would have to come to Court to testify in your presence, and your attorney would have the right to cross examine those witnesses, would also have the right to object to evidence offered by the Government, and would also have the right to call witnesses on your behalf.  Do you understand that you have those rights?

A.  Yes.

Q.  At a trial, while you would have the right to testify if you chose to do so, you would not be required to testify.  Under the Constitution, you cannot be compelled to incriminate

yourself. If you decided not to testify, the trial judge would instruct the jury that they could not -- the jury -- that they could not hold that against you in any way. Do you understand that you have those rights?

A.   Yes.

Q.   If you plead guilty and if I accept the plea, you'll be giving up your Constitutional rights to a trial and the other rights that I just mentioned. There will be no further trial of any kind and no right to appeal or collaterally attack or at any time question whether you are guilty or not. A judgment of guilty will be entered on the basis of your guilty plea and that judgment can never be challenged. Do you understand that you have those rights --

A.   Yes.

Q.   -- and those obligations?

A.   Yes.

Q.   It's my understanding with regard to the right to appeal that under the terms of the Plea Agreement, there's a specific waiver with regard to that. It's not only the right to appeal, but it's also the right to bring what's called a 2255 Proceeding, which is a proceeding to vacate either a sentence or a judgment; in this case, a plea of guilty. The difference between the two is that appeals deal with matters that are on the record. Everything that we're doing here today is on the record, and a transcript will be made of this proceeding and

will be available to Judge Wexler and to any other Court that requests it. A 2255 Proceeding is a proceeding that seeks to vacate a conviction or set aside a sentence based on things that aren't on the record. Very often it's used with regard to issues involving competency of counsel or inadequacy of an investigation that may not appear, and rarely does appear on the record. In the Plea Agreement, you're specifically waiving your right to bring either one of those proceedings, and those probably are the only two proceedings that you could bring to in any way attack either the sentence or the underlying plea. Do you understand that?

A. Yes.

Q. And it's conditioned on your receiving a sentence of 360 months or less.

A. Yes.

Q. Thank you. If you plead guilty, I'm going to have to ask you questions about what you did in order to satisfy myself that you're guilty of the charges to which you seek to plead guilty. You will have to answer those questions and acknowledge your guilt. In this way, you'll be giving up your right not to incriminate yourself. Do you understand that?

A. Yes, I do.

Q. And are you willing to give up your right to a trial and the other rights that I just mentioned to you?

A. Yes.

Q. Now, I have a copy of the Plea Agreement in this case. I'm going to ask Ms. Lundy if she would show you -- I've turned it to the last page -- and ask you if that's your signature on that document?

A. Yes, it is.

(Court's Exhibit-1 marked for identification)

Q. And did you sign that document today?

A. Yes.

Q. And are you familiar with the contents of it?

A. Yes.

Q. And did you discuss the contents of it with Ms. Gaffey?

A. Yes, I did.

Q. Is there anything -- any questions you have to ask me with regard to anything in this document?

A. No.

Q. Okay.

THE COURT: I'm going to ask the Government if they'll please outline the terms of the agreement.

MR. BODE: Yes, Your Honor, thank you. The Defendant's going to plead guilty to Counts 1 and 6 of Superseding Indictment S(1). Count 1 charges transportation of child pornography under 2252A(a)(1), and that count carries a minimum 5 years and a -- maximum 20 years by statute, a maximum term of supervised released which can be imposed of life to follow a term of imprisonment. And if a condition of

supervised release is violated, he could be sentenced for up to 2 years on that count for -- without credit for pre-release or post-release imprisonment or supervision.  There's a maximum fine of $250,000 and $100 special assessment, and sex offender registration is required.  And in addition, there's criminal forfeiture which I'll get to in a moment.  As to Count 6, that is possession of child pornography under 2252A(a)(5)(b).  That carries no mandatory minimum term, a 10 year maximum term, and the same supervised release term may be imposed, and for this count, same $250,000 --

THE COURT:  Mr. Bode, are you aware of any statutory provision that would require these sentences to run consecutively?

MR. BODE:  The Defendant acknowledges on -- the supervised release or the original sentence are we talking about?

THE COURT:  I'm sorry --

MR. BODE:  You're --

THE COURT:  -- Counts 1 and 6.

MR. BODE:  Counts 1 and 6.

THE COURT:  Is there any legal requirement that they --

MR. BODE:  The Judge --

THE COURT:  -- be imposed consecutively?

MR. BODE:  No, the Judge -- Judge Wexler has the

discretion to impose them concurrently or consecutively, and the Defendant acknowledges on the top of page 3 that these may be imposed consecutively. So in pleading guilty, he acknowledges that he's going to be subjected to a 5-year minimum and up to a 30-year maximum. Count -- paragraph 2 sets forth the Government's guideline estimate. I won't go into detail, however, I will note the -- as I made a change in pen as to the date of the guilty plea. We agree that the Defendant gets the third point for acceptance of responsibility. And given the statutory maximum, the applicable guidelines range in our estimate is going to be 360 months. And the Defendant agrees in paragraph 2 -- he stipulates that is the -- to that guideline range. Paragraph 3 sets forth that, in essence, the Defendant -- that guidelines estimate is only an estimate. He's not entitled to withdraw his plea if it -- the estimate's wrong. In this case, since the guidelines estimate is also the statutory maximum, that doesn't -- shouldn't have any effect but it -- the Defendant does agree to that in this case. And in paragraph 4, as Your Honor's already indicated, the Defendant agrees not to either appeal or otherwise challenge, including a 2255 Petition, if he receives a sentence of 360 months or less. The Defendant also agrees in paragraph 4 that he's not a prevailing party under the Hyde Amendment, and in paragraph 5 through 9 deal with forfeiture. The Defendant is agreeing to forfeiture of a number of items of property listed

in -- on page 6A, B and C, and I'll hand up to the Court, which I've already shown to the Defense counsel, a Preliminary Order of Forfeiture for that property. Next, in paragraph 10 is the coverage -- paragraph 10(a), the Government agrees that no further criminal charges will be brought against the Defendant for transportation of child pornography, possession of child pornography seized from his residence. And in connection with this, I just note my conversations with Ms. Gaffey. I told her -- I inquired of the Suffolk District Attorney's office just -- she was concerned about, you know, what if he pleads guilty here and then Suffolk decides to go after him. I've inquired with the Chief of -- or the Deputy Chief of Suffolk County Special Victims Bureau, and I'm waiting to hear back from the Chief. And I agreed with Ms. Gaffey. If they decide that they are going to go after him, I'll agree that he can take this plea back, because my understanding is that they're not going to go after him, given the 5-year mandatory minimum here, but should they decide to, I told her I'd let him take that back because I haven't received word back from them yet. Also in paragraph 10, we agree not to take a position where within the guideline range sentence should fall, and make no Motion for an Upward Departure. And that's basically the agreement.

BY THE COURT:

Q.    Mr. Slater, you've heard everything that Mr. Bode just mentioned as part of that -- the Plea Agreement. And you're in

agreement with all these provisions --

A.   Yes.

Q.   -- is that correct?

THE COURT:  What I'd like to do before we get to the elements, because the allegations of the Indictment are relatively brief, I'm going to read to you Count 1, which would be the transporting count, and Count 5, which would be the possession -- excuse me, Count 6, which would be the possession count.

With regard to Count 1, it states that on or about March 16th within the Eastern District of New York, you, also known as {quote} "Grandmaster4280@aol.com," did knowingly and intentionally mail, transport and ship in interstate commerce by means of computer child pornography, namely the following image contained within an electronic mail.  And in Count 1, that image is identified as "Bianca12year-006.jpg" {close quote}.  With regard to the 6 Count, the allegations by the Grand Jury are that on or about August 18, 2005 within the Eastern District of New York and elsewhere, you, under that same Grandmaster.com address, did knowingly and intentionally possess materials containing images of child pornography, namely the image depicted on the following computer files stored on compact discs, and with regard to 6 that image would be "Jane Doe, a minor female whose identity is known to the Grand Jury, jpg" {close quote}.  So those are the two counts.

I'm going to ask the Government at this time if they would please outline the elements of the offense.

MR. BODE:  Yes, Your Honor.

THE COURT:  Offenses.

MR. BODE:  First, Count 1, transportation, would require the Government prove on that date, March 16, 2005, here in the Eastern District of New York and elsewhere, that Mr. Slater knowingly, intentionally transported -- includes mail shipped and transported.  In this case it was an e-mail -- in interstate commerce -- in this case it was an e-mail to an undercover agent in Douglas, Arizona -- by means of computer child pornography.  And that image that's listed in Count 1 is the image of a real child who was 12 years old when she was photographed in a sexually explicit manner in Germany, as a matter of fact.

On -- for Count 6, on August 18, 2005 here in the Eastern District of New York -- that's the date of the search warrant execution on the Defendant's home here.  He was found to be in possession of, on his computer, that image in -- depicted in -- or the title of which is in Count 6.  I'd note we included -- we write Jane Doe because we don't want to put the name of the victim into the record; however, I've shown those images to Ms. Gaffey.  I can't remember if we also had the Defendant there for that or not.  But I have shown them to Ms. Gaffey.  And -- so he knowingly, intentionally possessed that image on -- it

16

was actually on a compact disc.  And that compact disc had been produced -- that image was produced using materials that were mailed, shipped and transported interstate form of commerce because that compact disc was manufactured outside the City of New York.

THE COURT:  Ms. Gaffey, you've seen both of the images that are the subject of the pleas in this case?

MS. GAFFEY:  I have, yes.

THE COURT:  Has your client also seen those images following his arrest?

MS. GAFFEY:  Actually, I will have to ask since (indiscern.) --

MR. BODE:  Mr. Weil had this case for a while.  Mr. Weil, W-E-I-L, he had this case for a period of time.

MS. GAFFEY:  Actually, I'm not sure.

THE COURT:  Let me ask you -- ask it this way.

BY THE COURT:

Q.  Mr. Slater, do you know what I identified as the files when I read you the Counts 1 and 5 of the Indictment?

MR. BODE:  1 and 6, Your Honor.

BY THE COURT:

Q.  Excuse me, 1 and 6.

A.  Yes.

Q.  Do you know the image or images that are on those -- depicted?

A.   I believe when Mr. Weil was my lawyer, he showed me Count 6, but I don't think I've ever been shown Count 1.

THE COURT:   Does the Government have a copy of that?

MR. BODE:   Yeah, let me see if I have it in a hard copy format.

(Pause in proceedings)

MR. BODE:   (Indiscern.).

THE COURT:   Ms. Gaffey, I'd like to give you an opportunity to -- perhaps you'd be more comfortable doing it over at counsel table.

MS. GAFFEY:   Yes, I would.

THE COURT:   If you could -- do you have both of them? I think it might be good for the record.

MR. BODE:   The other one -- the other one I don't. But the one that we previously -- that Mr. Weil had shown him of the Jane Doe, I don't have with me; I only have an electronic form.  And actually, I -- the agent probably has that up --

THE COURT:   Perhaps it would -- if you have it in electronic form --

MR. BODE:   I have to check and see if the agent may have it, I don't know if I have that one.  I'll have to check. A moment, Your Honor.

BY THE COURT:

Q.   Are you familiar with the Jane Doe file that was identified

in 6?

A.   Yes, they showed it to me.

THE COURT:   All right.   If you would show him number 5.

MR. BODE:   I'll show him Count 1.

MS. GAFFEY:   Why don't we step back for a moment.

(Pause in proceedings)

MR. BODE:   I do have a disc which I believe -- believe (indiscern.) has that image.   The Defendant's indicated he's already seen it, but I'm more than willing to get a computer up here if you need -- if you -- if you think we should do it again.

THE COURT:   Okay, Ms. Gaffey, I'll be guided by your client's wishes.

MS. GAFFEY:   No.   We don't (indiscern.).

THE COURT:   Thank you.

BY THE COURT:

Q.   What I'm going to -- I'd like to spend a little bit of time and just go over some of the concepts that you just heard from Mr. Bode and see if I can put a little bit more flesh and blood on it.   With regard to -- there are certain elements that the Government would have to show in the event that this case were to go to trial.   And it's broken down into four elements.   With regard to the first count, which is the transporting, the Government would have to show beyond a reasonable doubt that

you knowingly transported a visual depiction, that file, in interstate or foreign commerce.  A visual depiction includes any photograph, film, video, or picture, as well as data stored on a computer disc or by electronic means that is capable of conversion into a visual image.  They would have to show that you acted knowingly.  They would have to show -- and you act knowingly when you act voluntarily and intentionally, not because of any accident or mistake or some other reason.  It's not necessary for the Government to show that you personally transported the depiction, it's enough if the Government proves that you knowingly caused the interstate shipment to take place.  So that's all with regard to the first -- with regard to the transporting element.

The second element that they would have to show is that -- beyond a reasonable doubt is that the pornography, child pornography, was mailed or actually transported in interstate or foreign commerce.  And the Indictment claims that it was actually transported in interstate or foreign commerce, and this means that the Government has to show that the child pornography crossed between one state and another or between the United States and a foreign country.  Transmission of photographs or video by means of internet constitutes transportation in interstate commerce.  However, the jury would have the obligation to find beyond a reasonable doubt that the specific depiction in the files that are the subject of these

two counts were actually transmitted by means of the internet. The third element that would have to be shown, they would have to prove beyond a reasonable doubt that the visual depiction was child pornography. Child pornography is defined to include any visual depiction involving a minor engaging in explicit sexual -- sexually explicit conduct. And the visual depiction must be of a real person under the age of 18 engaging in sexually explicit conduct. The Government doesn't have to prove the actual identity of the minor or the exact age of the minor involved.

What is sexually explicit conduct? That means any actual or simulated sexual intercourse including genital to genital, oral to genital, anal to genital, or oral anal whether between persons of the same or opposite sex. It also includes bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of genitals or the pubic area of any person. That would be another element that the Government would have to show.

And lastly, the Government would have to show -- and this is very important -- beyond a reasonable doubt that you knew that the material you possessed was child pornography. As I indicated earlier, an act is done knowingly when it's done voluntarily and intentionally and not because of any accident or mistake or some other innocent reason. In this case, the term knowingly refers to an awareness of the sexually explicit

nature of the material and to the knowledge that the visual depictions were, in fact, of actual minors engaged in sexually explicit conduct.  The Government would have to show that you had knowledge of the general nature of the content of these materials that are named in Counts 1 and 6.  They need not show that you have specific knowledge as to the identity or actual age of any underage performer, but they must show that you have knowledge or an awareness that the material contained the visual depiction of a minor engaging in sexually explicit conduct.  And they can show that either by direct or circumstantial knowledge.  So those are the elements of the offense.  Have you discussed this case thoroughly with Ms. Gaffey?

A.   Yes.

Q.   And you've discussed the facts involved and the elements of the offense and what the Government would have to show?

A.   Yes.

Q.   Have you discussed the Sentencing Guidelines with your attorney?

A.   Yes.

Q.   And you understand that the Sentencing Guidelines are no longer mandatory but that in sentencing, the District Court is required to take them into consideration, along with all the other factors relevant to the sentencing?

A.   Yes.

Q.   Is that correct?  And you understand that if the sentence is more severe than you expect, you'll still be bound by your guilty plea and not be permitted to withdraw?

A.   Yes.

Q.   Do you have any questions that you would like to ask me about the charge or your rights or anything else in connection with this matter before we --

A.   No.

Q.   -- proceed any further?  Are you ready to plead?

A.   Yes.

        THE COURT:  Ms. Gaffey, do you know of any legal reason why your client should not plead guilty?

        MS. GAFFEY:  No, Your Honor.

BY THE COURT:

Q.   Mr. Slater, are you satisfied with the legal representation that Ms. Gaffey and the Federal Defender Services have provided up until this point?

A.   Yes.

Q.   What is your plea to Counts 1 and 6 of the Superseding Indictment before the Court?

A.   Guilty.

Q.   Are you making this plea of guilty voluntarily and of your own free will?

A.   What do you mean?

Q.   Voluntarily and of your own free will?

A.    Oh, yes.

Q.    Has anyone threatened or forced you to plead guilty?

A.    No.

Q.    Other than the agreement, which I marked as Court Exhibit-1, which is what has your signature, has anyone -- in addition to the representation made with regard to any possible State prosecution down the road, has anyone made any promises or commitments that caused you to plead guilty?

A.    No.

Q.    Has anyone made any promise to you as far as what the sentence will be by Judge Wexler?

A.    No.

Q.    Do you want to tell me in your own words exactly what you did with, first with regard to Count 1, and then with regard to Count 6, please.

A.    On or about March 16, 2005, within Suffolk County, I, Gilbert Slater, knowingly and willingly sent Count 1, child pornography, through e-mail via computer.  And in regards to Count 6, on or about August 18, 2005, within Suffolk County, I, Gilbert Slater, knowingly and willingly possessed materials containing child pornography on compact disc.

Q.    And both of those discs or images contained sexually explicit images?

A.    Yes.

Q.    And you knew that they were such?

A.    Yes.

Q.    And that you also knew that they depicted persons underage; by underage I mean under the age of 18 --

A.    Yes.

Q.    -- minors?

THE COURT:    Is the Government satisfied with the --

MR. BODE:    Yes, it is.

THE COURT:    -- the allocution?

MR. BODE:    As to Count 6, I can just put on the record what I put earlier, the compact disc has traveled.  He doesn't need to allocute on possession to the interstate aspect, that's just a element the Government has to prove.

THE COURT:    Okay.  I'm going to ask the Government in the -- to outline their proof in the event that this case were to have gone to trial please.

MR. BODE:    Yes, as to Count 1, we'd bring in the undercover and we'd produce the e-mail, and we also found the images on the Defendant's computer that he had e-mailed to the undercover.  And that is a real child.  We would bring in the -- a police officer from Germany to testify that they've met that girl and these are real photographs.  And as to Count 6 we would -- that was pursuant to a search warrant.  An agent would testify to the computer equipment that was seized and the compact discs which were seized from the Defendant's residence on August 18, 2005 in Suffolk County.  And we would present

either Jane Doe or a person who knows Jane Doe to testify regarding the photograph. And we'd also present testimony from the representative of the company that manufactured the compact discs to establish the interstate aspect of Count 6.

BY THE COURT:

Q. You just heard what the Government's proof would be. Is there anything that was just stated by Mr. Bode that you don't agree with?

A. No.

THE COURT: Okay. Based on all the information provided to me, I find that the Defendant is acting voluntarily, that he fully understands his rights and the consequence of his plea and that there is a factual basis for the plea, and I therefore recommended to Judge Wexler that the plea of guilty to Counts 1 and 6 of the Superseding Indictment before the Court, 722 of '05, be accepted.

Now, I just want to tell you little bit about what happens next. We don't have a sentencing date as of yet, but I'm going to ask your attorney, Ms. Gaffey, to check in with Probation sometime today just to let them know about the plea. They're going to prepare a very, very thorough report, it's called a Pre-sentence Investigation Report. And they're going to talk to Mr. Bode and the agents who were involved in the case. They're also going to seek to talk to you and any individuals that you might put them onto that you feel might be helpful as

far as the sentence in this case. They'll also seek to talk to you. That's something that you're undoubtedly going to want to talk to Ms. Gaffey about, the extent to which you want to cooperate with that investigation. But before the sentence, you'll receive a copy, and the Government will receive a copy, and you and your attorney can challenge anything that you feel is in that report that's inaccurate factually or inaccurate as far as any legal conclusions that might bear on the sentence that Judge Wexler imposes. So it's a very important document. You're entitled to have those rulings made before the sentence is imposed, so that's the next step before your sentencing.

So that completes this proceeding. Is there anything further from the Government?

MR. BODE: No, Your Honor, thank you.

THE COURT: The Defendant?

MS. GAFFEY: No, Your Honor, thank you.

THE COURT: Okay. Thank you.

MS. GAFFEY: I'm sorry, there is one thing. Usually during -- usually during our -- after our status conferences, Judge Wexler let's Mr. Slater have a word with his parents. I was wondering if that would be okay.

THE COURT: Uhm-hum.

MR. BODE: That's fine as long as the Marshals are fine with it, Judge.

MS. GAFFEY: Okay.

Writer's Cramp, Inc.
Certified Court Transcribers
732-329-0191

THE COURT: Any suggestions on where or how that should take place?

MS. GAFFEY: They usually --

UNIDENTIFIED SPEAKER: They usually speak right here, very briefly, if that's not a problem with you, Your Honor.

THE COURT: Okay.

MS. GAFFEY: Thank you.

MR. SLATER: Thank you, Your Honor.

(Court adjourned)

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____
Signature of Transcriber

3-1-07
_____
Date

Writer's Cramp, Inc.
Certified Court Transcribers
732-329-0191