AO 245B (8/96 Rev. locally 9/97)- Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
### CENTRAL ISLIP DIVISION

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

vs.

CASE NUMBER:    CR 05-00722(S-1) [LDW]

GILBERT SLATER, III

Defendant's Attorney:   Tracey L. Gaffey, Esq (FD)

THE DEFENDANT:

__XX__ pleaded guilty to count(s) 1 and 6 of an eighteen-count Superseding Indictment.
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 18 USC 2252A(a)(1) | Transportation of Child Pornography | March 16, 2005 | 1 |
| 18 USC 2252A(a)(5)(b) | Possession of Child Pornography | August 18, 2005 | 6 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

__ The defendant has been found not guilty on count(s)
__XX__ Count(s) 2-5, 7-8 and the Underlying Indictment are dismissed on the motion of the United States - Allen Bode, AUSA.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:  Janury 10, 2008

Defendant's USM No.:    71618-053

**LEONARD D. WEXLER**
**UNITED STATES DISTRICT JUDGE**

DATE: January _11, 2008

A TRUE COPY ATTEST

DATE: January _____, 2008_____
ROBERT C. HEINEMANN
Clerk of Court

By: _____
JOSIAH KHARJIE, Courtroom Deputy

AO 245B (8/96 Rev. locally 9/97) - Supervised Release

Judgment - Page  3  of  6

Defendant:     GILBERT SLATER, III
Case No.:      CR 05-00722(S-1) [LDW]

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  LIFE ON EACH OF COUNTS 1 AND 6 TO RUN CONCURRENTLY..

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

—    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future  substance abuse. (Check, if applicable.)

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)    if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

AO 245B (8/96 Rev. locally 9/97) - Supervised Release - Additional conditions

Defendant:    GILBERT SLATER, III
Case No.:     CR 05-00722(S-1) [LDW]

Judgment - Page __4__ of __6__

## SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

— The defendant shall participate in the Home Detention program for a period of ___. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Eastern District of New York, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

— The defendant shall participate as directed in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

XX    The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

XX-    The defendant shall comply with the sex offender registration requirements mandated by law;

XX    -The defendant shall participate in a mental health treatment program, which may include participation in a treatment program for sexual disorders, as approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he or she is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay. As part of the treatment program for sexual disorders, the defendant shall participate in a polygraph examination(s) to obtain information necessary for risk management and correctional treatment;

XX-    The defendant will not associate with any child(ren) under the age of 18, unless a responsible adult is present and he has prior approval from the Probation Department;

XX    The defendant shall not enter or be within 500 feet of places where children congregate, such as schools, playgrounds, public pools, and video galleries, without the prior approval of the Probation Department;

XX    -The defendant shall notify the Probation Department when he establishes a significant romantic relationship and then shall inform the other party of his prior criminal history concerning his sex offenses, if that person has a child. The defendant understands that he must notify the Probation Department of that significant other's address, age, and where the individual may be contacted;

XX    The defendant is not to use a computer, Internet capable device, or similar electronic device to access pornographic websites of any kind, including websites depicting images of nude adults or minors, or to communicate with any individual or group who promotes sexual abuse of children. The defendant shall cooperate with the U.S. Probation Department's Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant may be limited to possessing only one personal Internet capable device, to facilitate our department's ability to effectively monitor his/her Internet related activities. The defendant shall also permit random examinations of said computer systems, Internet capable devices, similar electronic devices, and related computer media, such as CDs, under his/her control;

XX    The defendant shall submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted in a reasonable manner and at a reasonable time. The defendant's failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

XX    The defendant shall not possess a firearm, ammunition, or destructive device.

AO 245B (8/96 Rev. locally 9/97) - Criminal Monetary Penalties

Judgment - Page 5 of 6

Defendant:     GILBERT SLATER, III
Case No.:      CR 05-00722(S-1) [LDW]

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

|  | __Assessment__ | __Fine__ | __Total Restitution__ |
|---|---|---|---|
| __Totals:__ | $200.00 | $ N/A | $N/A |

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of **$ N/A**.

___ The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

    ___ The interest requirement is waived.
    ___ The interest requirement is modified as follows:

### RESTITUTION

___ The determination of restitution is deferred until ___. An Amended Judgment in a Criminal Case will be entered after such a determination. The U.S. Attorneys Office is directed to provide the necessary information to the court.

___ The defendant shall make restitution to the following victims in the amounts listed below:

___ Restitution is ordered jointly and severally with:

| __Name of Payee__ | __Total Amount of Loss__ | __Amount of Restitution Ordered__ | __Payment__ | __Priority Order or Percentage of__ |
|---|---|---|---|---|
| __Totals:__ | $ | $ | | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. §3664(f)(3)(B), the court orders nominal payments and this is reflected on Sheet 6, Statement of Reasons.

AO 245B (8/96 Rev. locally 9/97) - Criminal Monetary Penalties

Judgment - Page 6 of 6

Defendant: GILBERT SLATER, III
Case No.: CR 05-00722(S-1) [LDW]

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) non-federal restitution; (3) federal restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties.

Payment of the total criminal monetary penalties shall be due as follows:

I. __XX__ In full

    A.    __XX__ due immediately - ASSESSMENT.

    B.    __ on or before ____

II. __ In installments

    A.   __ monthly in installments of $ over a period of __ months, to commence __ days after date of this judgment.

    B.   __ in __ installments of $ over a period of__ to commence _ days after the date of this judgment.

Any payment ordered under Part II, must comply with 18 U.S.C. §3572, 18 U.S.C. §3664(n), and include a provision under 18 U.S.C. §3664(k) in which defendant must notify the court of any material changes in defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. §3664(f)(3)(A):

In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

__XX__ The defendant shall forfeit the defendant's interest in the following property to the United States:

    a. One Computer Processing Unit;
    b. Eighty-Seven CD-Rom disks; and
    c. One Trunk containing assorted children's underwear.

If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the court.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

GILBERT SLATER III,
also known as
Grandmaster4280@aol.com,"

           Defendant.
- - - - - - - - - - - - - - -X

Cr. No. 05-0722 (S-1)

(Wexler, J.)

## FINAL ORDER OF FORFEITURE

WHEREAS, on February 7, 2007, this Court entered a Preliminary Order of Forfeiture (the "Preliminary Order"), wherein the defendant GILBERT SLATER III (the "Defendant"), agreed to forfeit certain property of the Defendant pursuant to 18 U.S.C. § 2253, including, but not limited to, property which is subject to forfeiture as a result of his violation of U.S.C. § 2252A; and

WHEREAS, the Defendant agreed to forfeit all of his right, title and interest in the following properties:

    (a) One Computer Processing Unit, manufacturer unknown, serial number 014141070;

    (b) Eighty-Seven CD-Rom disks; and

    (c) One Trunk containing assorted children's underwear; and

WHEREAS, legal notice of the Preliminary Order of Forfeiture was published in the New York Post, a newspaper of

2

general circulation in this district, on Feb 28, 2007, March 7, 2007 and March 14, 2007 and no petition or claim to the Forfeited Property has been filed.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, by and between the United States and the Defendant as follows:

1. All of the Defendant GILBERT SLATER III right, title and interest in the Forfeited Properties is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law.

2. The United States Department of Treasury and all of its duly authorized agents and/or contractors are hereby authorized to dispose of the Forfeited Properties in accordance with all laws and regulations.

3. This Final Order of Forfeiture shall become final as to the defendant GILBERT SLATER III pursuant to 32.2 of the Federal Rules of Criminal Procedure and at the time of sentencing shall be made part of the defendant's sentence and included in his judgment of conviction.

3

    4.    The Clerk of the Court shall forward five certified copies of this Final Order to the United States Attorney's Office, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722, Attn: Asset Forfeiture Paralegal Brian Gappa.

Dated: Central Islip, New York
       January 10, 2008

                                HONORABLE LEONARD D. WEXLER
                                UNITED STATES DISTRICT JUDGE

AO 245B (8/96)- Imprisonment

| | | Judgment - Page 2 of 6 |
|---|---|---|
| Defendant: | GILBERT SLATER, III | |
| Case No.: | CR 05-00722(S-1) [LDW] | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 20 years on Count 1 and 2 years on Count 6, to run consecutively.  A total of 22 years. Defendant to receive credit for time already served.

__XX__  The court makes the following recommendations to the Bureau of Prisons:  SOTP PLACEMENT.

__XX__  The defendant is remanded to the custody of the United States Marshal.
___  The defendant shall surrender to the United States Marshal for this district.

     ___ at ___ a.m./p.m. on ___.
     ___ as notified by the United States Marshal.

___  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

     ___ before 2 p.m. on ___.
     ___ as notified by the United States Marshal.
     ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____ at

Defendant delivered on _____ to _____

_____, with a certified copy of this judgment.

_____

United States Marshal

By:_____

Deputy Marshal